FILED



**NOT FOR PUBLICATION**

FEB 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER PARENTEAU, | No. 13-55580 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02022-H-RBB |
| v. | |
| RAUL SILVA, an individual; DEREK SANDERS, an individual; COUNTY OF SAN DIEGO; and DOES 1-20, inclusive, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted February 12, 2015
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and MOLLOY,[**] Senior
District Judge.

Jennifer Parenteau appeals the district court's summary judgment in favor of

Defendants Deputy Raul Silva, Deputy Derek Sanders, and the County of San

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Donald W. Molloy, Senior District Judge for the U.S.
District Court for the District of Montana, sitting by designation.

Diego on her 42 U.S.C. § 1983 claim for unlawful entry in violation of the Fourth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

I.

The district court improperly granted summary judgment in favor of Deputies Silva and Sanders on the question of unlawful entry. For warrantless entry to be justified under the Fourth Amendment, the Deputies were required to have probable cause and exigent circumstances justifying immediate entry. *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010). The Deputies also must "show that a warrant could not have been obtained in time, and must demonstrate specific and articulable facts to justify the finding of . . . exigent circumstances." *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1161 (9th Cir. 2014) (internal quotation marks and citation omitted).

Relying on the 911 operator's report, the Deputies' initial interaction with Eric Johnson, and the presence of an unidentified woman inside the home, the Deputies assert they had both probable cause to investigate a burglary or attempted burglary and exigent circumstances justifying immediate entry of the house. We agree that the Deputies initially had probable cause to believe that a crime was being committed. As to the existence of exigent circumstances, we conclude that

2

there is an issue of fact as to whether such circumstances existed at the time the Deputies entered the house without a warrant. Because that factual issue cannot be resolved as a matter of law, the Deputies' motion for summary judgment was improperly granted. *See Green v. City & Cnty. of S.F.*, 751 F.3d 1039, 1046 (9th Cir. 2014) (holding "the reasonableness of officer conduct should be decided by a jury where the inquiry turns on disputed issues of material fact").

Summary judgment also was not appropriate on qualified immunity grounds because, construing the facts in favor of Parenteau, *Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) (per curiam), no reasonable officer could have believed the entry was lawful in light of the clearly established law.

## II.

Because the district court determined that the Deputies did not violate the law, it did not reach the merits of Parenteau's claims against the County. We remand that issue to the district court to address in the first instance. *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1103 (9th Cir. 2013).

**REVERSED AND REMANDED.**